OPINION OF THE COURT
Per Curiam.
Order dated January 14, 2000 affirmed, with $10 costs.
Civil Court properly dismissed the holdover petition for failure to properly plead the rent-stabilized status of the subject apartment premises. Respondent’s tenancy, which began in 1980, was brought within the ambit of rent stabilization in 1981 upon the landlord’s receipt of tax benefits under the “J51” program, and remains under stabilization protection to date despite the expiration of the tax benefit period in 1985. Pursuant to Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-504 (c) (as amended by L 1985, ch 288, § 7), dwelling units in J51 buildings “shall be subject” to continued protection under rent stabilization “until the occurrence of the first vacancy of such unit after such benefits are no longer being received,” except where “each lease and renewal thereof for such unit for the tenant in residence at the time of the expiration of the tax benefit period” has included a proper notice informing the tenant, inter alia, that the unit will become deregulated upon the expiration of the tax benefit period.
Neither of the specified statutory preconditions for deregulation — vacancy decontrol or proper lease notification — was claimed or shown to exist in this case. Nor is there merit to the landlord’s contention that the protections afforded by Rent Stabilization Law § 26-504 (c) were not intended to benefit tenants, such as the respondent herein, whose occupancy began prior to the J51 tax benefit period. The restrictive interpretation offered by the landlord is unsupported by the language of the amended version of the statute or its legislative history, the latter reflecting the Legislature’s intent to extend “continued rent regulation,” with vacancy decontrol limits, to all “presently occupied apartments” after the J51 tax benefit expires (Mem of Senator Daly, 1985 NY Legis Ann, at 130).
McCooe, J. P., Gangel-Jacob and Suarez, JJ., concur.